**O'HARA, Plaintiff-Appellee, v. O'HARA, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County

No. 3631. Decided September 16th, 1943.

Paul M. Ashbaugh, Columbus, for plaintiff-appellee.
Horace S. Kerr, Columbus, for defendant-appellant.

## OPINION

**By THE COURT:**

This is an appeal from a judgment of the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, from an order adjudging defendant-appellant to be guilty of contempt as charged and in overruling a motion of said defendant for an order modifying former orders of said Court by vacating all orders for temporary alimony and relieving the defendant from the payment of any further alimony and for an order to relieve and discharge the defendant from any alleged arrearage accrued under said orders.

We have read the short bill of exceptions in this case, the briefs of counsel and the opinion of the trial judge, and the orders of the Court to which this proceeding in error is directed.

The question presented is whether or not the trial judge abused his discretion is making the orders to which complaint is made by the defendant-appellant. We cannot so find.

The question for decision under the facts is a delicate one. The defendant is an aged man, remarried, with a second wife who is suffering from a mental disturbance requiring medical attention. The first wife also is along in years, declining in health and in probability unable physically to carry on to any considerable extent. Her income is now limited and will, in probability, be materially lessened in the near future.

The order for support money was made in behalf of plaintiff, the first wife, upon the aggression of the defendant. The original amount fixed, namely, $50.00, has been reduced to $30.00 per month. Defendant's income is a little over $105.00 per month and it is assured. Of course he has an obligation both to his former wife and to his present wife, but the obligation to the former wife is prior in time and we cannot say that the trial judge erred in holding that it had a prior right as to payment; nor can we say that the trial judge erred in holding that the defendant was able to pay $30.00 per month out of his income. His arrearage is aggravated and has reached a large sum of money. The record bears the inference that the second wife has some means which under the circumstances of this case she should, if necessary, exhaust, because she, as well as the defendant, must take cognizance of the

Court order which was subsisting when their marital relation was assumed.

This is just another case wherein courts are required to make determination as to the disposition of an income which is inadequate to meet fully the demands which are made upon a defendant against whom there is a subsisting order to pay alimony or support money.

There is no sufficient showing on this record to support a reversal of the judgment. It will be affirmed.

BARNES, P. J., and HORNBECK, J., concur.
GEIGER, J., not participating.